UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EUGENE M. ZAHURANCE,

        Plaintiff,

  v.                                        Case No. 08-C-1104

VALLEY PACKAGING INDUSTRIES INC.,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

      Currently before the Court is Plaintiff Eugene M. Zahurance's motion to compel, which he filed on November 4, 2009. Zahurance brings what is essentially a second version of an earlier motion to compel, which the Court denied. Plaintiff contends that, in response to a request to produce all emails concerning him, counsel for the defendant responded that the company had no emails that either reference or pertain to the plaintiff during the time of his employment with Defendant Valley Packaging Industries, Inc ("VPI"). Plaintiff contends that this is a misstatement of fact and has produced another email from 2006. The email appears to be a message from VPI's receptionist to another employee requesting that he tell Zahurance to call a third party.

      Zahurance seizes upon language in the Court's Order denying his first motion to compel, where the Court noted that the email he provided in support of his motion appeared "single and unrelated." With a second email now in hand, Zahurance argues that VPI's failure to produce emails is not an isolated occurrence. He also argues that the emails are not unrelated, as according to Zahurance they both were a result of his creditors attempting to contact him to collect on debts

he owed. Zahurance's theory is that VPI was responsible for his economic troubles as a result of his temporary layoff. He claims that VPI waited until he filed for bankruptcy and then terminated his employment, knowing he did not have the means to hire an attorney. Zahurance believes that there are emails in VPI's possession which contain "smoking-gun evidence" and could resolve this case quickly.

Defendant opposes the motion, noting that the message to call the third party wishing to speak with Zahurance did not relate in any way to his employment and was not retained as a record in Zahurance's personnel file. Defendant again notes, as it did in response to the first motion to compel, that it does not retain emails unrelated to an employee's work, such as the messages Zahurance points to in support of his motions to compel. Defendant also observes that it has provided Zahurance all of the contents of his personnel file, but will not produce emails relating to Zahurance which are protected by the attorney-client privilege.

While Zahurance believes that it would be "foolish and naive" for the Court to believe that the defendant and its counsel would voluntarily produce documents which could demonstrate the defendant's liability, a party has a duty to disclose certain information, even if harmful to it. It is neither foolish nor naive to assume that parties litigating in federal court will observe this duty to disclose, which is, *pace* Zahurance, not akin to "having the foxes guard the henhouse," "the wolves guard the sheep," or "the sharks guard the other fish in the large aquarium." (Doc. # 34 at 3.) The fact that Zahurance has two emails in which VPI receptionists relayed messages to have him call a third party, emails which VPI contends it does not maintain, does not convince the Court that VPI has failed to follow its obligations under the federal rules so as to warrant an order compelling disclosure.

2

Finally, as the Court noted in denying Zahurance's first motion to compel, the local rules require that before a party seek relief in the form of a motion to compel, the party make an attempt to consult with the opposing party before filing the motion. *See* Civil L.R. 37.1. Zahurance has again failed to comply with the local rules, as his motion does not indicate that he has consulted with opposing counsel on the matter. Because he has failed to comply with the local rules, Zahurance's motion to compel is **DENIED**. Zahurance is advised that should he file any further baseless motions, the Court may sanction him by requiring that he pay the defendant its reasonable attorney's fees incurred in responding to such motions.

**SO ORDERED** this     14th     day of December, 2009.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge