UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EUGENE M. ZAHURANCE,

    Plaintiff,

v.                                                                                           Case No. 08-C-1104

VALLEY PACKAGING INDUSTRIES, INC.,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a case under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. Pro se plaintiff Eugene M. Zahurance alleges that defendant Valley Packaging Industries, Inc. ("VPI") wrongfully terminated him from his employment as a result of his physical disability. Jurisdiction arises under 28 U.S.C. § 1331. This matter is before me on defendant's motion for summary judgment.

**BACKGROUND**

Zahurance was employed at VPI from September 1989 to January of 2008 as a production worker. VPI hires production workers to work alongside individuals with disabilities to help the company produce high quality work with a fast turn around time. VPI's business model provides individuals with disabilities an opportunity to develop social, vocational and economic independence in the community.

Because the work varies from week-to-week, VPI lays off production workers when there is insufficient work. VPI requires that production workers maintain an 80% or better standard for the work they provide in order to keep the facility operating efficiently. VPI, like most companies, has a system of performance reviews and provides such reviews on an annual basis. Zahurance's last four years of performance reviews reveal that despite his substantial history at VPI, he was not able to maintain the desired 80% company standard on a variety of jobs and that he still could not handle many of the job assignments. In 2007, Zahurance consistently performed below the company's required 80% standard. In his annual review dated September 21, 2007, Zahurance's productivity rate was 50%. (Monette Aff. Ex. A.) Zahurance's three prior annual production worker performance evaluations indicated that he had difficulty maintaining 80 % of standard in a variety of jobs. (*Id*.)

In 1998 Zahurance was involved in an auto accident in which he suffered injuries to his back. Because Zahurance had herniated discs (C 4/5 and C 5/6) and neck pain, on March 3, 2003, his doctor placed lifting restrictions on him. Zahurance was not to lift more than 35 pounds on an occasional basis and 20 pounds on a routine basis. Zahurance informed his supervisor of his lifting restrictions in 2003.

VPI terminated Zahurance from his job as a production worker in 2008. Prior to his termination, Zahurance, like other production workers at VPI, had been laid off for periods of time where VPI did not have enough work to keep him fully occupied. VPI contends that the decision to terminate Zahurance was based on the fact that even though it had provided Zahurance ample time to increase his productivity, he remained unable to consistently meet the company's production

standards. Before it terminated Zahurance, VPI had no record that Zahurance had claimed he was disabled.

**ANALYSIS**

**I. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Id.* at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend its case. *Id.* at 322-24.

In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion, however; there must be a *genuine* issue of *material* fact for the case to survive. *Id.* at 247-48.

"Material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). Failure to support any essential element of a claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323. A "genuine" issue of material fact requires specific and sufficient evidence that, if believed by a jury, would actually support a verdict in the nonmovant's favor. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249. Where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**II. Plaintiff's ADA Claim**

In his complaint, Zahurance alleges that on March 3, 2003, he informed his supervisor, Larry Beyer, that his physician had placed restrictions on the amount of weight he could lift. (Doc. # 1 at 3.) Zahurance further avers that he was terminated from his employment at VPI on January 8, 2008, because of his lifting restrictions. (*Id*. at 4.) VPI contends that Zahurance's condition is not a "disability" under the ADA, and that his employment was terminated due to his inability to meet the company's production standards.

"The ADA makes it unlawful for an employer to 'discriminate against a qualified individual on the basis of disability in regard to . . . terms, conditions, and privileges of employment.'" *Turner v. The Saloon, Ltd.*, --- F.3d ----, 2010 WL 424580, at *8 (7th Cir. 2010) (quoting 42 U.S.C. § 12112(a)). Because Zahurance does not have evidence of direct discrimination, he must rely on the burden-shifting method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in pursuing his claim. In order to establish a prima facie case under this framework, Zahurance must submit competent evidence showing that: "(1) he is disabled within the meaning of the ADA; (2) he was meeting his employer's legitimate employment expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment." *Rooney v. Koch Air, LLC*, 410 F.3d 376, 380-81 (7th Cir. 2005) (citing *Amadio v. Ford Motor Co.*, 238 F.3d 919, 924 (7th Cir. 2001)). An individual can prove that he is disabled under the ADA by establishing that: 1) he has a physical or mental impairment that substantially limits one or more

4

major life activities, 2) he has a record of such an impairment, or 3) he is regarded as having such an impairment by his employer. 42 U.S.C. § 12102(2)(A). A plaintiff who cannot show he is disabled within the meaning of the ADA, *see* 42 U.S.C. § 12102(1), cannot prevail. *Moore v. J.B. Hunt Transp., Inc.*, 221 F.3d 944, 950 (7th Cir. 2000) (if plaintiff's condition does not rise to the level of a disability as defined by the ADA, then plaintiff cannot prevail on his ADA claim even if employer terminated him expressly because of his condition). Thus, to avoid summary judgment, Zahurance must show that there is a genuine issue of material fact regarding whether he is a "qualified individual with a disability" under the ADA. *See Kupstas v. City of Greenwood*, 398 F.3d 609, 611 (7th Cir. 2005). If Zahurance can make out a prima facie case by proving all four elements, the burden shifts to VPI to identify a legitimate, non-discriminatory reason for its employment decision. *McDonnell Douglas*, 411 U.S. at 802.

**A. Zahurance's Claim of Actual Disability**

Here, Zahurance fails to make out a prima facie case of discrimination because the undisputed facts demonstrate that he was not actually "disabled" within the meaning of the ADA based on his lifting restrictions. Zahurance hangs his hat on an initial probable cause determination of a Wisconsin Department of Workforce Development investigator regarding whether VPI violated Zahurance's rights under the Wisconsin Fair Employment Law. (Zahurance Dep., Ex. 30.) The investigator found sufficient information to warrant holding an administrative hearing on whether VPI violated the state statute. The investigator's initial determination in the administrative *ex parte* proceeding was not under the ADA, and it is not admissible as evidence of Zahurance's alleged disability. *See McCluney v. Jos. Schlitz Brewing Co.*, 728 F.2d 924, 929 (7th Cir. 1984) (district court properly excluded initial determination by Wisconsin Department of Industry, Labor and

5

Human Relations, Equal Rights Division, where determination resulted from an *ex parte* proceeding and did not stem from an evidentiary hearing).

Zahurance has not identified any physicians or other experts in this case to support his claim of disability. The medical records that are in the record indicate that Zahurance had herniated discs in his back and a restriction imposed in 2003 limiting his lifting to 35 pounds on an occasional basis and 20 pounds on a frequent basis. Without evidence discussing how these restrictions affect Zahurance's ability to work, Zahurance's claim falters, as he cannot show his disability as defined by the ADA based on his lifting restrictions alone under a theory that such restrictions substantially limit his major life activity of working. As the Seventh Circuit has observed:

> We previously have expressed doubt that an inability to lift more than ten pounds, which in turn restricts an individual's employment opportunities in heavy-duty jobs, could constitute a disability within the meaning of the statute. *See Mays v. Principi*, 301 F.3d 866, 869-70 (7th Cir. 2002) (noting that, although not raised by the parties, the court did not wish to endorse by its silence the view that a nurse whose back injuries restricted her lifting to a maximum of ten pounds was disabled within the meaning of federal disability law); *see also id.* at 869 ("The physician who determined the severity and duration of her back injury thought she could return to her job as a light-duty nurse. The number of Americans restricted by back problems to light work is legion. They are not disabled."); *Contreras v. Suncast Corp.*, 237 F.3d 756, 763 (7th Cir. 2001) (holding that an individual who was "unable to lift in excess of 45 pounds for a long period of time, unable to engage in strenuous work, and unable to drive a forklift for more than four hours a day" was not substantially limited in the major life activity of working).

*Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 782 (7th Cir. 2007). In *Squibb*, the plaintiff was a nurse who claimed that she was disabled as a result of a back injury and a ten pound lifting restriction. Zahurance's claim is even more attenuated, as he asserts he is disabled based upon a restriction that limits him to lifting 35 pounds occasionally and 20 pounds on a regular basis. Other courts have also declined to find that lifting restrictions alone or restrictions similar to those limiting Zahurance establish a disability under the ADA. *Wenzel v. Missouri-American Water Co.*, 404 F.3d 1038,

6

1041 (8th Cir. 2005) ("A lifting restriction, without more, is not a disability."); *Olds v. United Parcel Service, Inc.*, *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 540-41 (9th Cir. 1997) (lifting restriction impairing an employee's ability to work only one particular job is not "substantially limiting" and therefore not a "disability" under ADA); *Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 349 (4th Cir. 1996) (25 pound lifting limitation--particularly when compared to an average person's abilities--does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity); *Aucutt v. Six Flags Over Mid- America*, 85 F.3d 1311, 1319 (8th Cir. 1996) (25-pound lifting restriction alone insufficient to show substantial limitation); *Wooten v. Farmland Foods*, 58 F.3d 382, 384, 386 (8th Cir. 1995) (plaintiff not substantially limited in major life activity of working where plaintiff was restricted to light duty with no working in cold environment and no lifting items weighing more than 20 pounds); *see also Gillen v. Fallon Ambulance Service, Inc.*, 283 F.3d 11, 22 (1st Cir. 2002) ("[I]f a restriction on heavy lifting were considered a substantial limitation on a major life activity, then the ranks of the disabled would swell to include infants, the elderly, the weak, and the out-of-shape.")

Further, to show that a condition substantially limits plaintiff's ability to work, plaintiff must show that the condition significantly restricts his ability to perform a class of jobs or a broad range of jobs compared to the average person having comparable training, skills and abilities. *See Moore*, 221 F.3d at 953. Zahurance has failed to provide such evidence, and the fact he is currently employed by Wal-Mart and has not advised his employer of his condition cuts the other way, as it goes to show he is not restricted from any particular class of jobs for which he is qualified.

Because lifting restrictions such as the ones placed on Zahurance are insufficient by themselves to significantly restrict his ability to work, Zahurance fails to demonstrate that he is actually disabled under the ADA.

7

**B. "Regarded as" Disabled**

Zahurance also fails to designate facts sufficient to support a claim under the "regarded as" prong of the ADA. The "regarded as" clause is intended to curb discrimination based on illogical or outdated animus towards what employers might "regard" as a disability. That is, even if an employee is not actually disabled, he is entitled to ADA protection if he is terminated because an employer believes he is disabled. To succeed in such a claim, the employee must show that his employer believed he was substantially limited in his ability to perform a major life activity. *See Brunker v. Schwan's Home Service, Inc.*, 583 F.3d 1004, 1008 (7th Cir. 2009) ("Under a 'regarded as' theory, the plaintiff must demonstrate either that (1) the employer mistakenly believes that the employee has an impairment that substantially limits a major life activity, or (2) the employer mistakenly believes that an existing impairment, which is not actually limiting, does substantially limit a major life activity.") (citing *Nese v. Julian Nordic Constr. Co.*, 405 F.3d 638, 641 (7th Cir. 2005)). "Major life activities covered by the ADA include 'functions such as caring for [one's self], performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Id.* (citing 29 C.F.R. § 1630.2(I); *E.E.O.C. v. Lee's Log Cabin, Inc.*, 546 F.3d 438, 442 (7th Cir. 2008)).

Zahurance's argument meets the same fate as his claim for a disability under the ADA because it necessarily rests on the same faulty premise that his lifting restrictions qualify as a disability under the ADA. The most Zahurance can show is that he notified his supervisor of his lifting restrictions; however, this is not enough to establish that VPI regarded Zahurance as disabled, because as noted above the restrictions themselves do not qualify as or establish a disability under the ADA. *See Wenzel*, 404 F.3d at 1041 (management's belief that an employee's ability to lift is

8

substantially impaired, without more, does not indicate that management perceived employee as unable to work in a class of jobs). Because there is no evidence that any of VPI's decision-makers believed Zahurance was substantially limited in engaging in any major life activities, VPI is entitled to summary judgment on Zahurance's "regarded as" claim as well.

The undisputed facts establish that Zahurance was not "disabled" for purposes of the ADA or regarded as such by VPI. Because he cannot make out a prima facie case of discrimination, his claim fails as a matter of law.[1] Accordingly, I will grant VPI's motion for summary judgment.

## CONCLUSION

Because I conclude that there is no evidence of a disability or that the employer regarded Zahurance as having a disability, VPI's motion for summary judgment [Doc. # 38] is **GRANTED**. As Zahurance's sur-reply to the motion for summary judgment is not authorized under the Federal Rules of Civil Procedure or the Local Rules and he did not seek leave to file it, *see* Civil L.R. 7(i), VPI's motion to strike the document [Doc. # 49] is **GRANTED**. The case is **DISMISSED** and the Clerk is directed to enter judgment accordingly.

**SO ORDERED** this     16th     day of March, 2010.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge

---

[1] Because I find that Zahurance fails to make out a prima facie case, I need not address VPI's arguments that it had a legitimate, non-discriminatory basis for its decision.